IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRY S. CREAMER,

    Petitioner,

v.                                                                                CASE NO. 4:11-cv-91-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 12, Respondent's motion to dismiss. The Petition stems from Petitioner's 2009 *nolo contendere* plea to three controlled-substance offenses in Franklin County, for which Petitioner received three concurrent five-year sentences. Respondent contends that the Petition should be dismissed because Petitioner has not exhausted his state remedies as to any of his claims, and Petitioner currently is pursuing collateral relief from his convictions in state court. Upon due consideration of the Petition, the motion to dismiss, and the state-court record, the undersigned recommends that the Petition be dismissed without prejudice so that Petitioner can exhaust his state remedies before returning to federal court.[1]

## State-Court Proceedings

Petitioner's judgments were rendered on February 11, 2009. *See* Resp. Exh. A,

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

B. On February 22, 2009, Petitioner moved to withdraw his plea. He subsequently withdrew the motion at a hearing, at which he was represented by counsel. Exh. A, B, C.

Petitioner appealed, and his appellate counsel filed an *Anders* brief asserting that there were no meritorious issues for appeal. Petitioner filed a pro se brief arguing that the prosecution engaged in misconduct by paying a confidential informant (CI) – who was the only witness against Petitioner – for his testimony. Exh. E. The First DCA affirmed without opinion on November 10, 2010. Exh. F. Rehearing was denied January 28, 2011. Exh. G. The Florida Supreme Court dismissed his petition for discretionary review on February 17, 2011. Exh. I.

On March 17, 2011, Petitioner submitted a motion for postconviction relief under rule 3.850. Exh. J. The postconviction court struck the motion as facially insufficient, and gave Petitioner 30 days to file a sufficient motion. Exh. K. On June 17, 2011, Petitioner filed an amended Rule 3.850 motion, arguing that his plea was involuntary due to the ineffective assistance of counsel. Specifically, Petitioner argued that his counsel was deficient for failing to inform Petitioner that the CI had accepted a bribe and that the CI's testimony against him could have been impeached, for failing to tell the Petitioner about the prosecutorial misconduct in connection with the CI's testimony, for telling Petitioner that she did not have time to represent him, and for failing to pursue an entrapment defense. Exh. L. The Rule 3.850 motion remains pending. *See* Franklin County Criminal Docket, *State v. Creamer,* Case No. 08-CF-0107 (reflecting case status as "reopened", with Rule 3.850 motion pending).

Petitioner filed the instant federal habeas corpus petition on February 28, 2011.

Petitioner asserts four grounds for relief: (1) his due process rights were violated because the state court did not give his attorney enough time to represent him; (2) his conviction was based on bribed testimony and entrapment in violation of Florida law; (3) his appellate counsel rendered ineffective assistance; and (4) his due process rights were violated because of prosecutorial misconduct in connection with the CI's testimony, Doc. 1.

In the motion to dismiss, Respondent argues that Petitioner's first claim is unexhausted and should be dismissed with prejudice because it is barred by Petitioner's *nolo contendere* plea.  Respondent argues that Petitioner's second claim is barred by his plea and because he failed to raise it on direct appeal, and should be dismissed with prejudice.  Respondent argues that Petitioner's third claim is unexhausted, but that it should be dismissed without prejudice because Petitioner has until January 28, 2013, to file a timely petition on the ground of ineffective assistance of appellate counsel pursuant to Fla. R. App. P. 9.141(c).  Respondent argues that Petitioner's fourth claim is unexhausted and barred by his plea, and that it should be dismissed with prejudice.

Petitioner opposes dismissal, relying primarily on his assertion that he is entitled to relief on the merits of his claims.  Docs. 14, 15, 16, 19.  Petitioner has filed a "motion for leave to file document," Doc. 19, which the court construes as a motion to supplement his responses in opposition to dismissal.  That motion will be granted.

### Section 2254 Exhaustion Requirement

Habeas corpus relief may be granted only if Petitioner has properly exhausted his federal claims in state court. § 2254(b)(1) and (c). To do so the federal claim must

be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995).[2] A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner is presently pursuing postconviction relief in the state court. Respondent correctly argues that none of Petitioner's instant federal habeas claims are exhausted, and therefore the Court agrees that dismissal is warranted. Although Respondent argues that some of Petitioner's claims are barred by his state-court plea, the record reflects that Petitioner's postconviction claims, if liberally construed, challenge the validity of his plea. Given the pendency of Petitioner's motion in state court, the availability of an appeal if the motion is denied, and the availability of further relief with respect to his ineffective-assistance-of-appellate-counsel claim, the Court concludes that the Petition should be dismissed without prejudice.

As to any future § 2254 petition (following one complete round of exhaustion as to all claims raised),[3] Petitioner is advised that there is a one year time limit for filing a

---

[2]While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. *Duncan*, 513 U.S. at 365-366 (citations omitted); *see also McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir.2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted).

[3]Petitioner is advised that the "one complete round" exhaustion requirement of *O'Sullivan* applies to post-conviction review; if he is denied post conviction relief he must appeal that ruling in order to properly exhaust state remedies. *Leonard v.*

§ 2254 petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," absent circumstances triggering a later commencement date. § 2244(d)(1)(A)-(D).[4] The period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

### Conclusion and Recommendation

Petitioner's motion, Doc. 19 is **GRANTED**. For the foregoing reasons it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 12, be **GRANTED**, that the Petition, Doc. 1, be **DISMISSED WITHOUT PREJUDICE,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, on February 10, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

*Wainwright*, 601 F.2d 807, 808 (5th Cir.1979) (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); *LeCroy v. Secretary*, 421 F.3d 1237, 1261 (11th Cir.2005) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3 .850 appeal, it was procedurally barred); *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir.2004) ( "Boerckel applies to the state collateral review process as well as the direct appeal process").

[4] Based upon the current record as presented by the Respondent, Petitioner's conviction became final 90 days after February 17, 2011, when his direct review concluded and the time for filing a petition for a writ of certiorari in the Supreme Court expired. See *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts). Petitioner initiated postconviction proceedings on March 17, 2011, and such proceedings remain pending. Thus, it does not appear that the dismissal of the instant Petition will disadvantage Petitioner with respect to the one-year federal limitations period.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.